# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| MILAGRO HOLDINGS, LLC, *et al.*, | ) | Case No. 15-11520 (KG) |
|  | ) |  |
| Debtors. [1] | ) | Joint Administered |
|  | ) |  |

## SCHEDULE OF ASSETS AND LIABILITIES FOR
## MILAGRO RESOURCES, LLC (CASE NO. 15-11525 (KG))

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Milagro Holdings, LLC (7232); Milagro Oil & Gas, Inc. (7173); Milagro Exploration, LLC (9260); Milagro Producing, LLC (9330); Milagro Mid-Continent, LLC (8804); and Milagro Resources, LLC (6134). The Debtors' mailing address is 1301 McKinney Street, Suite 500, Houston, Texas 77010.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MILAGRO HOLDINGS, LLC, *et al.*,[1] | Case No. 15-11247 (MFW) |
| Debtors. | Jointly Administered |

**GLOBAL NOTES, METHODOLOGY AND SPECIFIC
DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

## Introduction

Milagro Holdings, LLC, Milagro Oil & Gas, Inc., Milagro Exploration, LLC, Milagro Producing, LLC, Milagro Mid-Continent, LCC and Milagro Resources, LLC (each a "Debtor" and collectively, the "Debtors") with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements," and together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of each Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor (whether publically filed or otherwise). Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation. Although the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Milagro Holdings, LLC (7232); Milagro Oil & Gas, Inc. (7173); Milagro Exploration, LLC (9260); Milagro Producing, LLC (9330); Milagro Mid-Continent, LLC (8804); and Milagro Resources, LLC (6134). The Debtors' mailing address is 1301 McKinney Street, Suite 500, Houston, Texas 77010.

.

Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements.

The Debtors and their officers, employees, agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by any act or omission, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained in the Schedules and Statements.  Except as expressly required by the Bankruptcy Code, the Debtors and their officers, employees, agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify revise or re-categorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised or re-categorized.

The Schedules and Statements have been signed by an authorized representative of each Debtor.  In reviewing and signing the Schedules and Statements, this representative relied upon the efforts, statements and representations of the Debtors' other personnel and professionals.  The representative has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses.

## <u>Global Notes and Overview of Methodology</u>

1. **<u>Reservation of Rights</u>**.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim ("<u>Claim</u>") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim.  Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated."  Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. The actual value for any asset or liability may be different than what is reflected in the Debtors' books and records or the Schedules and Statements and the Debtors' reserve the right to have the Bankruptcy Court determine such value.

2. **Description of Cases and "as of" Information Date**. On July 15, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 17, 2015, the Bankruptcy Court entered an order directing procedural consolidation and joint administration of the Debtors' chapter 11 cases [Docket No. 33].

**The asset information provided in the Schedules and Statements, except as otherwise noted, represents the asset data of the Debtors as of June 30, 2015, and the liability information provided herein, except as otherwise noted, represents the liability data of the Debtors as of July 15, 2015.**

3. **Net Book Value of Assets**. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for each of their assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect the net book value of an asset as of June 30, 2015. Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes may not be reflected in the Schedules and Statements as they have no net book value. The Debtors reserve their right to amend or adjust the value of each asset or liability set forth herein. Further, the Debtors' records do not allocate all costs to individual oil and gas properties nor do they allocate all of the reductions in asset values due to depreciation, depletion and mark-to-market adjustments to the individual oil and gas properties. The book values reflect the amount reflected in the Debtors' records for those properties.

4. **Recharacterization**. Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize or designate certain Claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements, the Debtors may, nevertheless, have improperly characterized, classified, categorized or designated, or omitted certain items. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available.

5. **Real Property and Personal Property–Leased**. In the ordinary course of their business, the Debtors lease real property, hold rights to oil, gas and mineral interests (which are severed from the realty under which they are situated) and various articles of personal property, including vehicles, fixtures, and equipment, from certain third-party lessors. The Debtors have made reasonable efforts to list all such leases in the Schedules and Statements. However, nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether to assume and assign or reject such lease or whether it is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to all such issues.

6. **Excluded Assets and Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.

3

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, goodwill, accrued salaries, employee benefit accruals, and deferred gains. In addition, certain immaterial assets and liabilities may have been excluded.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion in the ordinary course of business, certain prepetition Claims on a post-petition basis. Prepetition liabilities, including payroll and benefits, royalties and lease operating costs that have been paid post-petition under this authorization are excluded from the Schedules and Statements. Additionally, the Debtors have excluded from the Schedules and Statements certain employee-related benefits that will be paid in the ordinary course of business, including paid time-off.

7. **Insiders**. Solely, for purposes of the Schedules and Statements, the Debtors define "insiders" to include the following: (a) directors; (b) senior level officers, (c) equity holders holding in excess of 5% of the voting securities of the Debtor entities; (d) Debtor affiliates; and (e) relatives of any of the foregoing (to the extent known by the Debtors). Entities listed as "insiders" have been included for informational purposes and their inclusion shall not constitute an admission that those entities are insiders for purposes of section 101(31) of the Bankruptcy Code.

8. **Intellectual Property Rights**. The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

9. **Executory Contracts and Unexpired Leases**. Although the Debtors have made diligent attempts to attribute executory contracts and unexpired leases to their rightful Debtors, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such contracts and leases.

Moreover, the Debtors have not set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates.

10. **Materialman's/Mechanic's Liens**. The assets listed in the Schedules and Statements are presented without consideration of any materialman's or mechanic's liens.

11. **Classifications**. Listing a Claim, contract or lease on (a) Schedule D as "secured," (b) Schedule E as "priority," (c) Schedule F as "unsecured," or (d) Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the

Claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such Claims or contracts or leases or to setoff against such Claims.

12. **Causes of Action**.  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

13. **Intercompany Accounts:**

In the ordinary course of business, the Debtors engage in routine business relationships with each other (the "Intercompany Transactions") resulting in intercompany receivables and payables (the "Intercompany Claims"), which are described more fully in the Debtors' "first-day" cash management motion [see Docket No. 5], and which also include amounts allocated from the purchase price of acquired assets.  The following table summarizes the intercompany balances at June 30, 2015:

| Debtor | Counterparty | | | | | | |
|---|---|---|---|---|---|---|---|
| Receivable/(Payable) Balances | Milagro Holdings, LLC | Milagro Oil & Gas, Inc. | Milagro Exploration, LLC | Milagro Producing, LLC | Milagro Mid-Continent, LLC | Milagro Resources, LLC | Total |
| Milagro Holdings, LLC | | | 2,446 | | | | 2,446 |
| Milagro Oil & Gas, Inc. | | | (215,994) | (439,233) | | | (655,227) |
| Milagro Exploration, LLC | (2,446) | 215,994 | | (14,053) | (1) | (8,839) | 190,655 |
| Milagro Producing, LLC | | 439,233 | 14,053 | | (3) | (217) | 453,066 |
| Milagro Mid-Continent, LLC | | | 1 | 3 | | | 4 |
| Milagro Resources, LLC | | | 8,839 | 217 | | | 9,056 |
| | (2,446) | 655,227 | (190,655) | (453,066) | (4) | (9,056) | - |

14. **Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

    a.     **Undetermined Amounts**.  The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

b.      <u>Totals</u>.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

c.      <u>Liens</u>.  The value of assets listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

15. **Currency**.  All amounts are reflected in U.S. dollars.

16. **Setoffs**.  The Debtors incur certain offsets and other similar rights during the ordinary course of business.  Offsets in the ordinary course most frequently result from the deduction of lease operating expenses and joint interest billings from oil and gas revenue, but can also result from various other items, including, without limitation, pricing discrepancies, returns, refunds, warranties, debit memos, credits, and other disputes between the Debtors and their suppliers, joint operating agreement counterparties and/or customers.  These offsets and other similar rights are consistent with the Debtors' ordinary course of business.  Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets may not have been independently accounted for, and as such, offsets occurring in the ordinary course of business are excluded from the Debtors' Schedules and Statements.

17. **Employee Addresses**.  Employee addresses have been removed from entries listed on Schedules E, F and G and the Statements, as applicable, and are listed care of the Debtors' headquarters address.  These addresses are available upon request of the Office of the United States Trustee or order of the Bankruptcy Court.

18. **Global Notes Control**.  If the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

### Specific Disclosures with Respect to the Debtors' Schedules

**Schedule A.**  The Debtors record as real property all costs of acquisition, exploration, exploitation, and development of oil, NGL and natural gas reserves (including such costs as leasehold acquisition costs, geological expenditures, dry hole costs, tangible and intangible exploration and development costs, which may include personal property that remains in the possession of the Debtors, and direct internal costs) and the cost to acquire, explore for and develop oil, NGL and natural gas properties. The Debtors ownership of any real property is reported on Schedule A for Milagro Producing, LLC and Milagro Resources, LLC, the record holder of the underlying oil and gas leases.

**Schedule B**.  Certain derivatives contracts and the security deposit for the Debtors' corporate headquarters lease listed on the Debtors' books and records as of June 30, 2015 were disposed of after such date.  The proceeds of the derivatives contract were paid over to the Debtors' first lien secured lenders and the security deposit was relinquished in connection with an amendment to the

Debtors' corporate headquarters lease. These assets have been excluded from the Schedules, and the applicable transfers are reflected on SOFA 3b.

**Schedule B2**. Cash values held in financial accounts are listed on Schedule B2 as of June 30 or July 15, 2015 as noted Schedule B2.

**Schedule B9**. The Debtors maintain certain insurance policies, as described in their "first-day" insurance motion [*see* Docket No. 7]. The Debtors have identified the pre-paid premium amounts for such insurance programs on Schedule B18 for Milagro Producing, LLC.

**Schedule B13**. The value of ownership interests in subsidiaries have been listed in Schedule B13 as unknown. The Debtors' current chapter 11 plan ascribes no equity value to the various subsidiary-Debtors.

**Schedule B16**. Intercompany Claims owing to a Debtor by another Debtor are listed on Schedule B16 in an unknown amount as the Debtors cannot predict what, if any, recovery will be received on such amounts. The Debtors' current chapter 11 plan currently provides for no distribution on account of Intercompany Claims.

**Schedules B18 and B21**. The Debtors' failure to list any contingent and/or unliquidated Claim or Cause of Action held by the Debtors in response to this question shall not constitute a waiver, release, relinquishment, or forfeiture of such Claim or cause of action.

**Schedule B21**. In the ordinary course of their business, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-Claims, setoffs, refunds, or potential warranty Claims against their suppliers. Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, Claims as a plaintiff or counter-Claims as a defendant. Where such Claims are either unknown to the Debtors, not quantifiable, or both, they are not listed on Schedule B21.

**Schedule D**. The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included. All Claims listed on Schedule D, however, appear to have been incurred before the Petition Date.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Further, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any Claims associated with such agreements should be reported on Schedule D. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the Claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract.

The Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights, mechanics liens or other lien rights.

**Schedule E**.  The listing of any Claim on Schedule E does not constitute an admission by the Debtors that such Claim is entitled to priority treatment under 11 U.S.C. § 507.  The Debtors reserve their right to dispute the priority status of any Claim on any basis.

As the operator for the Debtors' oil and gas leases, the Debtors have listed all potential tax claims arising out of business operations on the Schedules of Milagro Exploration, LLC despite the fact that such amounts may ultimately be determined to be the obligation (or co-obligation) of one or more other Debtors.

**Schedule F**.  The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule F, based upon the Debtors' books and records as of the Petition Date.

Although reasonable efforts have been made to identify the date of incurrence of each Claim, determining the date upon which each Claim on Schedule F was incurred or arose would be unduly burdensome and cost prohibitive.  Claims listed on Schedule F have been aggregated by unique creditor name and remit to address and may include several dates of incurrence for the aggregate balance listed.

In the ordinary course of business, the Debtors incur obligations for royalties and severance taxes which they are required to pay to third-parties that hold an interest in the oil and gas leases that the Debtors hold and for which the Debtors serve as operator.  The Debtors determine and pay the requisite royalty and tax amounts during an approximately 50-day cycle after each month-end.  As a result, the Debtors are unable to determine with specificity the amount owing for royalties and severance taxes for the month of June and the stub-period of July. Under the Debtors' "first-day" royalty owner and lease operating expense motion and related order [*see* Docket Nos. 10 & 41], the Debtors obtained authority to continue to honor these amounts in the ordinary course.  The Debtors believe that all such amounts that are not in dispute have been or will be paid in the ordinary course, except for amounts which have or will be placed into "suspense" status because the Debtors are unable to identify the appropriate payee.  While the Debtors have not specifically identified any royalty holders on Schedule F, the Debtors have included all parties that have received royalty payments in the prior four-year period in their creditor matrix and such parties will receive notice of any bar date established in these cases.

Schedule F contains information regarding pending litigation involving the Debtors. The dollar amount of potential Claims associated with any such pending litigation is listed as "Unknown" and marked as contingent, unliquidated, and disputed in the Schedules and Statements.

Any information contained in Schedule F with respect to potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any of the potential suits and proceedings included therein.

The Debtors expressly incorporate by reference into Schedule F all parties to pending litigation listed in Statement 4(a) as contingent, unliquidated, and disputed claims, to the extent not already listed on Schedule F.

Schedule F reflects prepetition amounts owing and not subsequently paid post-petition to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption of executory contracts or unexpired leases. Additionally, Schedule F does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Schedule G**. Although reasonable efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors may have occurred. Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtors' reasonable efforts. With respect to scheduled operating agreements, the Debtors have relied on their financial systems for the current working interest owners associated with all Operating Agreements.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease that was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth on Schedule G and to amend or supplement Schedule G as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G. Certain confidentiality and non-disclosure agreements may not be listed on Schedule G. The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing may reflect distinct agreements between the applicable Debtor and such supplier or provider, or may reflect a series of related agreements.

It is possible that a single Operating Agreement may cover properties spanning multiple fields as recorded on the Debtor's internal systems. Therefore, in some cases, a single operating agreement may be listed multiple times based on the number of fields covered by such agreement. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

The Debtors' predecessors were party to numerous farm-out and participation agreements which have either earned out or are no longer active. Therefore, the Debtors do not consider these agreements executory contracts and have not included them on Schedule G. However, out of an abundance of caution, the Debtors did include such agreements on Schedule 5.5 (a) of the Contribution Agreement, dated July 15, 2015 by and among certain of the Debtors and White Oak Resources VI, LLC.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as subordination, nondisturbance, and attornment agreements, supplemental agreements, settlement agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. Further, the Debtors reserve all of their rights to alter or amend these Schedules to the extent that additional information regarding the Debtor obligor to such executory contracts becomes available. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on Schedule G.

The Debtors reserve all of their rights, Claims and causes of action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's Claim or its relationship with the Debtors.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. Schedule G may be amended at any time to add any omitted contract, agreement or lease.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract or that such contract is an executory contract or unexpired lease. The Debtors reserve all of their rights to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

**Schedule H**. For purposes of Schedule H, the Debtors that are guarantors under the prepetition debt facilities are listed as co-debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation or Claims. These matters may involve multiple plaintiffs, claimants and defendants, some or all of whom may assert cross-Claims and counter-Claims against other parties, and some of which may be co-obligors with, contributors to or Indemnitors of the Debtors. Because all such Claims are contingent, disputed, or unliquidated, such Claims have not been set forth individually on Schedule H. Litigation matters can be found on each Debtor's Schedule F and Statement 4a, as applicable.

**Specific Disclosures with Respect to the Debtors' Statements**

**Statement 3b**.  Except as noted below,[2] all of the disbursements reflected on Schedule 3b were made from the bank accounts of Milagro Exploration, LLC (the only Debtor that maintains bank accounts).  Many of those disbursements were for the benefit of other Debtors, primarily Milagro Producing, LLC and Milagro Resources, LLC, and appropriate Intercompany Transactions have been recorded in the Debtors' books and records.

**Statement 3c**.  All of the disbursements reflected on Schedule 3c were made by Milagro Exploration, LLC (the only Debtor that maintains bank accounts).  Many of those disbursements were for the benefit of other Debtors, primarily Milagro Producing, LLC and Milagro Resources, LLC.  In addition, the Debtors have identified the aggregate amounts paid on account of employees that may be considered insiders, but these amounts were paid to Insperity, the Debtors' third-party co-employer, who then made the applicable transfer to the employees.

**Statement 17b.**  The Debtors' operate in an industry with many potential environmental issues and are subject to strict laws and regulations. The Debtors' have made reasonable efforts to disclose all applicable information in response to Statements Question 17b.

**Statement 19b**.  Milagro Holdings, LLC is the parent to Milagro Oil and Gas, Inc. and is not consolidated for purposes of the financial statements. Milagro Holdings, LLC does not and is not required to file a stand-alone audit report.

**Statement 19d**.  The Debtors have provided financial statements in the ordinary course of their business to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date.  The Debtors may have also provided financial statements to parties who entered into confidentiality and non-disclosure agreements with the Debtors. Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have made reasonable efforts to list all such parties.  However, the Debtors reserve all of their rights with respect to all such issues.

**Statement 23**.  The distributions to the insiders reflected on the Statements of Milagro Holdings, LLC are for various tax related expenses paid on their behalf by the Debtors. The Debtors' do not expect to be repaid for these expenses therefore they are classified as non-cash distributions to these members.

---

[2]    On July 10, 2015, the proceeds from the termination of derivatives contracts were paid over to the Debtors' first lien secured lenders directly by the Debtors' derivative counterparty.

B6 Summary (Official Form 6 - Summary) (12/14)

# United States Bankruptcy Court
## District of Delaware

In re    **Milagro Resources, LLC**                              ,    Case No. ___**15-11525**___
                                        Debtor

                                        Chapter_____**11**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 3 | 18,284,199.66 | | |
| B - Personal Property | Yes | 4 | 708,932.00 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 417,508,106.16 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | 0.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 2 | | | |
| H - Codebtors | Yes | 2 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 16 | | | |
| | | Total Assets | 18,993,131.66 | | |
| | | | Total Liabilities | 417,508,106.16 | |

B6A (Official Form 6A) (12/07)

.

In re    **Milagro Resources, LLC**                                                    ,    Case No.    __15-11525__
                                                                   Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **See Schedule A Attachment** | | - | **18,284,199.66** | 0.00 |

| | | |
|---|---|---|
| Sub-Total > | **18,284,199.66** | (Total of this page) |
| Total > | **18,284,199.66** | |

__0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

In re Milagro Resources, LLC
Case No. 15-11525
Schedule A- Real Property

| Description of Property | Location of Property | Nature of Debtor's Interest in Property | Current Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|
| BALDWIN J C FEE A NCT1 3 4U | LIBERTY SOUTH | Oil and Gas Reserves | |
| BARBER EW -D- (2,3,4,5,7) | BARBERS HILL | Oil and Gas Reserves | |
| BROOKS RE FEE NCT 2 (2,3,4,5) | LIBERTY SOUTH | Oil and Gas Reserves | |
| DAVIS WIRT B24 | LIBERTY SOUTH | Oil and Gas Reserves | |
| DAVIS WIRT EST B O/A 2 (1-17,19,21-23) | LIBERTY SOUTH | Oil and Gas Reserves | |
| DAVIS WIRT EST D O/A 1 (1 & 2L) | LIBERTY SOUTH | Oil and Gas Reserves | |
| DEVON 1 | GIDDINGS | Oil and Gas Reserves | |
| DOYLE GAS UNIT 2 | CONSTITUTION | Oil and Gas Reserves | |
| DUDAKE, PAUL L UNIT H1 | GIDDINGS | Oil and Gas Reserves | |
| DUGAT JOE | LIBERTY SOUTH | Oil and Gas Reserves | |
| FIXED FIELD EXPENSES | CONSTITUTION | Oil and Gas Reserves | |
| FORCE 1 BP1 | ALVIN NORTH | Oil and Gas Reserves | |
| FORCE 1 BP2 | ALVIN NORTH | Oil and Gas Reserves | |
| FORCE 1-L | ALVIN NORTH | Oil and Gas Reserves | |
| FORCE 1-U | ALVIN NORTH | Oil and Gas Reserves | |
| FULLER-NEWTON 1 | CREEKWOOD | Oil and Gas Reserves | |
| GRANDJEAN-SCHULZE UNIT 1 & 2 | GIDDINGS | Oil and Gas Reserves | |
| HENDERSON 02 | SPEAKS SW | Oil and Gas Reserves | |
| HENDERSON 03 | SPEAKS SW | Oil and Gas Reserves | |
| HORTON R P (1,3,4,5,6,7,8,9) | A W P | Oil and Gas Reserves | |
| KERN TRUST 1H | GIDDINGS | Oil and Gas Reserves | |
| KIRBY OIL & GAS CO O/A 1,2,4 | BARBERS HILL | Oil and Gas Reserves | |
| KLIMITCHEK 4 | SPEAKS SW | Oil and Gas Reserves | |
| LEITKO UNIT 1 | GIDDINGS | Oil and Gas Reserves | |
| MATOCHA 1-5 | A W P | Oil and Gas Reserves | |
| MATOCHA 6 | A W P | Oil and Gas Reserves | |
| MATULA A J 01 | WORD | Oil and Gas Reserves | |
| MELNAR BEATRICE 1(8820) | WORD | Oil and Gas Reserves | |
| MELNAR FRED ESTATE 1 | WORD | Oil and Gas Reserves | |
| MELNAR FRED ESTATE 4 | WORD | Oil and Gas Reserves | |
| MELNAR FRED ESTATE 5 | WORD | Oil and Gas Reserves | |
| MELNAR LILLIE 1 | WORD | Oil and Gas Reserves | |
| MUSTANG 1-H S/T | GIDDINGS | Oil and Gas Reserves | |
| PETTUS R M 1 | CREEKWOOD | Oil and Gas Reserves | |
| RIVERSIDE CAMPUS 1-6 | GIDDINGS | Oil and Gas Reserves | |
| RODGERS GU 1 #1 | SPEAKS SW | Oil and Gas Reserves | |

In re Milagro Resources, LLC
Case No. 15-11525
Schedule A- Real Property

| Description of Property | Location of Property | Nature of Debtor's Interest in Property | Current Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|
| RODGERS GU 1 #2 | SPEAKS SW | Oil and Gas Reserves | |
| RUEBUSH 1 | SPEAKS SW | Oil and Gas Reserves | |
| SOUTH UNIT 1 (12700) | BONUS | Oil and Gas Reserves | |
| SOUTH UNIT 1 WO (12500) | BONUS | Oil and Gas Reserves | |
| STATE TRACT 3 #6 | LIBERTY SOUTH | Oil and Gas Reserves | |
| TEAL 1R | A W P | Oil and Gas Reserves | |
| TEAL P 2  (2,3,4,5A,6,8,13,15) | A W P | Oil and Gas Reserves | |
| THETFORD 1,2,3 | A W P | Oil and Gas Reserves | |
| THETFORD-TEAL U 1-1 | A W P | Oil and Gas Reserves | |
| THETFORD-TEAL U 2-1 | A W P | Oil and Gas Reserves | |
| URSA PUD 04 (13800) | CONSTITUTION | Oil and Gas Reserves | |
| WALL #2 OFFSET | CONSTITUTION | Oil and Gas Reserves | |
| WELDER W D (1,2,3,4,5,6,7,9,10,11L,12,13 | LIBERTY SOUTH | Oil and Gas Reserves | |
| WESTBURY FRM 1 (SAMSON-OP) | CONSTITUTION | Oil and Gas Reserves | |
| WHALEY BESSIE  1 | BARBERS HILL | Oil and Gas Reserves | |
| WHEELER 1 - 3 | A W P | Oil and Gas Reserves | |
| WHEELER 5 | A W P | Oil and Gas Reserves | |
| WHEELER 6 | A W P | Oil and Gas Reserves | |
| WILBURN C  9 | BARBERS HILL | Oil and Gas Reserves | |
| WILBURN C 10 | BARBERS HILL | Oil and Gas Reserves | |
| WILLIAMS M M 2 (Drisdale 2 GU) | ALVIN NORTH | Oil and Gas Reserves | |
| WILLIE KUDER 2 | GIDDINGS | Oil and Gas Reserves | |
| WINTERMAN 1 (12500) | BONUS | Oil and Gas Reserves | |
| WINTERMAN 7 (12500/12700) | BONUS | Oil and Gas Reserves | |
| WINTERMAN 8 (12500/12700) | BONUS | Oil and Gas Reserves | |
| ZIKUHR FRITZ (8650) | WORD | Oil and Gas Reserves | |
| ZIKUHR FRITZ (8820) | WORD | Oil and Gas Reserves | |
| | | **Net Book Value** | **$18,284,199.66** |

B6B (Official Form 6B) (12/07)

In re    **Milagro Resources, LLC**                                          ,    Case No.    __15-11525__
                                        Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.  Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >                 **0.00**
(Total of this page)

__2__  continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Milagro Resources, LLC**                                          ,    Case No.    __15-11525__

Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | **See Schedule B16 Attachment** | - | 708,932.00 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >        708,932.00
(Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re  **Milagro Resources, LLC**                                    ,     Case No. ___15-11525___
                                        Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total >                    0.00
(Total of this page)
Total >                708,932.00

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

In re Milagro Resources, LLC
Case No. 15-11525
Schedule B16- Accounts Receivable

| Description and Location of Property | Current Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption |
|---|---|
| Oil & Gas Receivables - Acct#120.21 | $708,932.00 |
| Intercompany receivable from Milagro Exploration, LLC | Unknown |
| Intercompany receivable from Milagro Producing, LLC | Unknown |
| **Total:** | **$708,932.00** |

B6D (Official Form 6D) (12/07)

In re    **Milagro Resources, LLC**                                              ,    Case No. ___**15-11525**___
                              Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No.  **See Schedule D Attachment** | | - | | | | | | | |
| | | | | Value $                      **0.00** | | | | **417,508,106.16** | **Unknown** |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |

__0__  continuation sheets attached

| | | |
|---|---|---|
| Subtotal (Total of this page) | **417,508,106.16** | **Unknown** |
| Total (Report on Summary of Schedules) | **417,508,106.16** | **Unknown** |

In re Milagro Resources LLC
Case No. 15-11525
Schedule D- Creditors Holding Secured Claims

| Creditor Name | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Codebtor | Date Claim was Incurred, Nature of Lien, and Description and Value of Property Subject to Lien | Contingent | Unliquidated | Disputed | Amount of Claim without Deducting Value of Collateral | Unsecured Portion, if any |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| U.S. Specialty Insurance Co | 777 Post Oak Blvd | Suite 330 | | | Houston | TX | 77056 | X | Surety Bonds secured by $500,000 cash collateral desposit | x | x | | Unknown | Unknown |
| TPG Speciality Lending, Inc. | Attn: Craig Hamrah | 888 7th Avenue | 35th Floor | | New York | NY | 10106 | X | Second Amended and Restated First Lien Credit Facility dated September 4, 2014 | | | | $104,915,163.44 | None |
| Wilmington Trust | Mr. Geoffrey Lewis | Rodney Square North | 1100 N. Market St. | | Wilmington | DE | 19890 | X | Senior Secured Second Lien Notes dated May 11, 2011 | | | | $312,592,942.72 | Unknown |
| | | | | | | | | | | | | **Total:** | **$417,508,106.16** | **Unknown** |

B6E (Official Form 6E) (4/13)

.

In re    **Milagro Resources, LLC**                                              Case No. ___**15-11525**_____

                                                    ,
                                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

   A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

   The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

   If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

   Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

   Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

   Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**
   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
   Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
   Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**
   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**
   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**
   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6F (Official Form 6F) (12/07)

In re  **Milagro Resources, LLC** _____,   Case No. ___**15-11525**_____

Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| | | Husband, Wife, Joint, or Community | | | | | |
| Account No.   **See Schedule F Attachment** | | - | | | | | **Unknown** |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

__0__  continuation sheets attached

| | Subtotal (Total of this page) | **0.00** |
|---|---|---|
| | Total (Report on Summary of Schedules) | **0.00** |

Cinemilagro Resort, LLC
Case No. 15-11525
Schedule F - Creditors Holding Unsecured Nonpriority Claims

| Creditor Name | Address1 | Address2 | Address3 | Address4 | City | State | Zip | CoDebtor | Date Claim was Incurred and Consideration for Claim.  If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Acon Funds Management, L.L.C. | Attn: Jonathan Ginns | 1133 Connecticut Avenue, NW. | | | Washington | DC | 20036 | x | Montitoring Fee | x | | | Unknown |
| General Overall Accrual for Royalty and Severance Tax Payable for June and through 07/15/15 | | | | | | | | | Trade | | x | | Unknown |
| Guggenheim Corporate Fundings | Attn: Todd Boehly | 135 East 57 th Street | | | New York | NY | 10022 | x | Montitoring Fee | x | | | Unknown |
| West Coast Energy Management Partners, LLC. | Attn: Adam Cohn | 1250 Fourth street | | | Santa Monica | CA | 90401 | x | Montitoring Fee | x | | | Unknown |
| | | | | | | | | | | | | **Total:** | **Unknown** |

B6G (Official Form 6G) (12/07)

In re    **Milagro Resources, LLC**                                    ,        Case No.        **15-11525**
                                            Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **See Schedule G Attachment** | |

0
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

In re Milagro Resources, LLC.
Case No. 15-11525
Schedule G- Executory Contracts and Unexpired Leases

| Creditor Name | Address1 | Address2 | Address3 | City | State | Zip | Description of Contract or Lease and Nature of Debtor's Interest. State Whether Lease is for Nonresidential Real Property.  State Contract Number of Any Government Contract. |
|---|---|---|---|---|---|---|---|
| Acon Funds Management, L.L.C. | Attn: Jonathan Ginns | 1133 Connecticut Avenue, NW. | Suite 700 | Washington | DC | 20036 | Monitoring Agreement |
| Guggenheim Corporate Fundings | Attn: Todd Boehly | 135 East 57 th Street | 7th Floor | New York | NY | 10022 | Monitoring Agreement |
| Houston Pipeline Company, LP (Energy Transfer Partners, LP) | 1300 Main Street | | | Houston | TX | 77002 | Gas Purchase Agreement Mtr 989643(with 982697) AWP residue at King Ranch-06/1/2014 as amended-Milagro (assignee of TexCal Energy South Texas, LP formerly Tru-Union Development Corporation) |
| Houston Pipeline Company, LP (Energy Transfer Partners, LP) | 1300 Main Street | | | Houston | TX | 77002 | Gas Purchase Agreement Mtr 985191 Alvin-06/1/2014 as amended-Milagro (assignee of TexCal Energy South Texas, LP formerly Tru-Union Development Corporation) |
| U.S. Specialty Insurance Co | 13403 Northwest Freeway | | | Houston | TX | 77040 | Payment and Indemnity agreement for surety bonds (11/1/07) |
| West Coast Energy Management Partners, LLC. | Attn: Adam Cohn | 1250 Fourth street | | Santa Monica | CA | 90401 | Monitoring Agreement |

B6H (Official Form 6H) (12/07)

.

In re    **Milagro Resources, LLC**                                                    ,    Case No.    **15-11525**
                                          Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **See Schedule H Attachment** | |

**0**
_____ continuation sheets attached to Schedule of Codebtors

In re Milagro Resources, LLC
Case No. 15-11525
Schedule H- Codebtors

| Name of Codebtor | Address1 | Address2 | City | State | Zip | Name of Creditor | Address1 | Address2 | Address3 | Address4 | City | State | Zip |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Milagro Exploration, LLC | 1301 McKinney Street | 500 | Houston | TX | 77010 | TPG Speciality Lending, Inc. | Attn: Craig Hamrah | 888 7th Avenue | 35th Floor | | New York | NY | 10106 |
| Milagro Exploration, LLC | 1301 McKinney Street | 500 | Houston | TX | 77010 | Wilmington Trust | Mr. Geoffrey Lewis | Rodney Square North | 1100 N. Market St. | | Wilmington | DE | 19890 |
| Milagro Exploration, LLC | 1301 McKinney Street | 500 | Houston | TX | 77010 | Acon Funds Management, L.L.C. | Attn: Jonathan Ginns | 1133 Connecticut Avenue, NW. | Suite 700 | | Washington | DC | 20036 |
| Milagro Exploration, LLC | 1301 McKinney Street | 500 | Houston | TX | 77010 | Guggenheim Corporate Fundings | Attn: Todd Boehly | 135 East 57 th Street | 7th Floor | | New York | NY | 10022 |
| Milagro Exploration, LLC | 1301 McKinney Street | 500 | Houston | TX | 77010 | West Coast Energy Management Partners, LLC. | Attn: Adam Cohn | 1250 Fourth street | | | Santa Monica | CA | 90401 |
| Milagro Exploration, LLC | 1301 McKinney Street | 500 | Houston | TX | 77010 | U.S. Specialty Insurance Co | 777 Post Oak Blvd | Suite 330 | | | Houston | TX | 77056 |
| Milagro Holdings, LLC | 1301 McKinney Street | 500 | Houston | TX | 77010 | Acon Funds Management, L.L.C. | Attn: Jonathan Ginns | 1133 Connecticut Avenue, NW. | Suite 700 | | Washington | DC | 20036 |
| Milagro Holdings, LLC | 1301 McKinney Street | 500 | Houston | TX | 77010 | Guggenheim Corporate Fundings | Attn: Todd Boehly | 135 East 57 th Street | 7th Floor | | New York | NY | 10022 |
| Milagro Holdings, LLC | 1301 McKinney Street | 500 | Houston | TX | 77010 | West Coast Energy Management Partners, LLC. | Attn: Adam Cohn | 1250 Fourth street | | | Santa Monica | CA | 90401 |
| Milagro Holdings, LLC | 1301 McKinney Street | 500 | Houston | TX | 77010 | U.S. Specialty Insurance Co | 777 Post Oak Blvd | Suite 330 | | | Houston | TX | 77056 |
| Milagro Mid-Continent, LLC | 1301 McKinney Street | 500 | Houston | TX | 77010 | TPG Speciality Lending, Inc. | Attn: Craig Hamrah | 888 7th Avenue | 35th Floor | | New York | NY | 10106 |
| Milagro Mid-Continent, LLC | 1301 McKinney Street | 500 | Houston | TX | 77010 | Wilmington Trust | Mr. Geoffrey Lewis | Rodney Square North | 1100 N. Market St. | | Wilmington | DE | 19890 |
| Milagro Mid-Continent, LLC | 1301 McKinney Street | 500 | Houston | TX | 77010 | Acon Funds Management, L.L.C. | Attn: Jonathan Ginns | 1133 Connecticut Avenue, NW. | Suite 700 | | Washington | DC | 20036 |
| Milagro Mid-Continent, LLC | 1301 McKinney Street | 500 | Houston | TX | 77010 | Guggenheim Corporate Fundings | Attn: Todd Boehly | 135 East 57 th Street | 7th Floor | | New York | NY | 10022 |
| Milagro Mid-Continent, LLC | 1301 McKinney Street | 500 | Houston | TX | 77010 | West Coast Energy Management Partners, LLC. | Attn: Adam Cohn | 1250 Fourth street | | | Santa Monica | CA | 90401 |
| Milagro Mid-Continent, LLC | 1301 McKinney Street | 500 | Houston | TX | 77010 | U.S. Specialty Insurance Co | 777 Post Oak Blvd | Suite 330 | | | Houston | TX | 77056 |
| Milagro Oil & Gas, Inc. | 1301 McKinney Street | 500 | Houston | TX | 77010 | TPG Speciality Lending, Inc. | Attn: Craig Hamrah | 888 7th Avenue | 35th Floor | | New York | NY | 10106 |
| Milagro Oil & Gas, Inc. | 1301 McKinney Street | 500 | Houston | TX | 77010 | Wilmington Trust | Mr. Geoffrey Lewis | Rodney Square North | 1100 N. Market St. | | Wilmington | DE | 19890 |
| Milagro Oil & Gas, Inc. | 1301 McKinney Street | 500 | Houston | TX | 77010 | Acon Funds Management, L.L.C. | Attn: Jonathan Ginns | 1133 Connecticut Avenue, NW. | Suite 700 | | Washington | DC | 20036 |
| Milagro Oil & Gas, Inc. | 1301 McKinney Street | 500 | Houston | TX | 77010 | Guggenheim Corporate Fundings | Attn: Todd Boehly | 135 East 57 th Street | 7th Floor | | New York | NY | 10022 |
| Milagro Oil & Gas, Inc. | 1301 McKinney Street | 500 | Houston | TX | 77010 | West Coast Energy Management Partners, LLC. | Attn: Adam Cohn | 1250 Fourth street | | | Santa Monica | CA | 90401 |
| Milagro Oil & Gas, Inc. | 1301 McKinney Street | 500 | Houston | TX | 77010 | U.S. Specialty Insurance Co | 777 Post Oak Blvd | Suite 330 | | | Houston | TX | 77056 |
| Milagro Producing, LLC | 1301 McKinney Street | 500 | Houston | TX | 77010 | TPG Speciality Lending, Inc. | Attn: Craig Hamrah | 888 7th Avenue | 35th Floor | | New York | NY | 10106 |
| Milagro Producing, LLC | 1301 McKinney Street | 500 | Houston | TX | 77010 | Wilmington Trust | Mr. Geoffrey Lewis | Rodney Square North | 1100 N. Market St. | | Wilmington | DE | 19890 |
| Milagro Producing, LLC | 1301 McKinney Street | 500 | Houston | TX | 77010 | Acon Funds Management, L.L.C. | Attn: Jonathan Ginns | 1133 Connecticut Avenue, NW. | Suite 700 | | Washington | DC | 20036 |
| Milagro Producing, LLC | 1301 McKinney Street | 500 | Houston | TX | 77010 | Guggenheim Corporate Fundings | Attn: Todd Boehly | 135 East 57 th Street | 7th Floor | | New York | NY | 10022 |
| Milagro Producing, LLC | 1301 McKinney Street | 500 | Houston | TX | 77010 | West Coast Energy Management Partners, LLC. | Attn: Adam Cohn | 1250 Fourth street | | | Santa Monica | CA | 90401 |
| Milagro Producing, LLC | 1301 McKinney Street | 500 | Houston | TX | 77010 | U.S. Specialty Insurance Co | 777 Post Oak Blvd | Suite 330 | | | Houston | TX | 77056 |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## District of Delaware

In re    **Milagro Resources, LLC**
                                             Debtor(s)

Case No.    **15-11525**
Chapter    **11**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the President & COO of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  **August 14, 2015**

Signature _____

**Gary J. Mabie**
**President & COO**

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.