# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MILAGRO HOLDINGS, LLC, *et al.*, | ) | Case No. 15-11520 (KG) |
| | ) | |
| Debtors. [1] | ) | Joint Administered |
| | ) | |

# STATEMENT OF FINANCIAL AFFAIRS FOR
# MILAGRO RESOURCES, LLC (CASE NO. 15-11525 (KG))

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Milagro Holdings, LLC (7232); Milagro Oil & Gas, Inc. (7173); Milagro Exploration, LLC (9260); Milagro Producing, LLC (9330); Milagro Mid-Continent, LLC (8804); and Milagro Resources, LLC (6134). The Debtors' mailing address is 1301 McKinney Street, Suite 500, Houston, Texas 77010.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MILAGRO HOLDINGS, LLC, *et al.*,[1] | Case No. 15-11247 (MFW) |
| Debtors. | Jointly Administered |

**GLOBAL NOTES, METHODOLOGY AND SPECIFIC
DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

## Introduction

Milagro Holdings, LLC, Milagro Oil & Gas, Inc., Milagro Exploration, LLC, Milagro Producing, LLC, Milagro Mid-Continent, LCC and Milagro Resources, LLC (each a "Debtor" and collectively, the "Debtors") with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements," and together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of each Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor (whether publically filed or otherwise). Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation. Although the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Milagro Holdings, LLC (7232); Milagro Oil & Gas, Inc. (7173); Milagro Exploration, LLC (9260); Milagro Producing, LLC (9330); Milagro Mid-Continent, LLC (8804); and Milagro Resources, LLC (6134). The Debtors' mailing address is 1301 McKinney Street, Suite 500, Houston, Texas 77010.

.

Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements.

The Debtors and their officers, employees, agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by any act or omission, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained in the Schedules and Statements.  Except as expressly required by the Bankruptcy Code, the Debtors and their officers, employees, agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify revise or re-categorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised or re-categorized.

The Schedules and Statements have been signed by an authorized representative of each Debtor.  In reviewing and signing the Schedules and Statements, this representative relied upon the efforts, statements and representations of the Debtors' other personnel and professionals.  The representative has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses.

## Global Notes and Overview of Methodology

1. **Reservation of Rights**.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim ("Claim") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim.  Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated."  Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. The actual value for any asset or liability may be different than what is reflected in the Debtors' books and records or the Schedules and Statements and the Debtors' reserve the right to have the Bankruptcy Court determine such value.

2. **Description of Cases and "as of" Information Date**. On July 15, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 17, 2015, the Bankruptcy Court entered an order directing procedural consolidation and joint administration of the Debtors' chapter 11 cases [Docket No. 33].

**The asset information provided in the Schedules and Statements, except as otherwise noted, represents the asset data of the Debtors as of June 30, 2015, and the liability information provided herein, except as otherwise noted, represents the liability data of the Debtors as of July 15, 2015.**

3. **Net Book Value of Assets**. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for each of their assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect the net book value of an asset as of June 30, 2015. Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes may not be reflected in the Schedules and Statements as they have no net book value. The Debtors reserve their right to amend or adjust the value of each asset or liability set forth herein. Further, the Debtors' records do not allocate all costs to individual oil and gas properties nor do they allocate all of the reductions in asset values due to depreciation, depletion and mark-to-market adjustments to the individual oil and gas properties. The book values reflect the amount reflected in the Debtors' records for those properties.

4. **Recharacterization**. Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize or designate certain Claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements, the Debtors may, nevertheless, have improperly characterized, classified, categorized or designated, or omitted certain items. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available.

5. **Real Property and Personal Property–Leased**. In the ordinary course of their business, the Debtors lease real property, hold rights to oil, gas and mineral interests (which are severed from the realty under which they are situated) and various articles of personal property, including vehicles, fixtures, and equipment, from certain third-party lessors. The Debtors have made reasonable efforts to list all such leases in the Schedules and Statements. However, nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether to assume and assign or reject such lease or whether it is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to all such issues.

6. **Excluded Assets and Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, goodwill, accrued salaries, employee benefit accruals, and deferred gains. In addition, certain immaterial assets and liabilities may have been excluded.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion in the ordinary course of business, certain prepetition Claims on a post-petition basis. Prepetition liabilities, including payroll and benefits, royalties and lease operating costs that have been paid post-petition under this authorization are excluded from the Schedules and Statements. Additionally, the Debtors have excluded from the Schedules and Statements certain employee-related benefits that will be paid in the ordinary course of business, including paid time-off.

7. **Insiders**. Solely, for purposes of the Schedules and Statements, the Debtors define "insiders" to include the following: (a) directors; (b) senior level officers, (c) equity holders holding in excess of 5% of the voting securities of the Debtor entities; (d) Debtor affiliates; and (e) relatives of any of the foregoing (to the extent known by the Debtors). Entities listed as "insiders" have been included for informational purposes and their inclusion shall not constitute an admission that those entities are insiders for purposes of section 101(31) of the Bankruptcy Code.

8. **Intellectual Property Rights**. The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

9. **Executory Contracts and Unexpired Leases**. Although the Debtors have made diligent attempts to attribute executory contracts and unexpired leases to their rightful Debtors, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such contracts and leases.

Moreover, the Debtors have not set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates.

10. **Materialman's/Mechanic's Liens**. The assets listed in the Schedules and Statements are presented without consideration of any materialman's or mechanic's liens.

11. **Classifications**. Listing a Claim, contract or lease on (a) Schedule D as "secured," (b) Schedule E as "priority," (c) Schedule F as "unsecured," or (d) Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the

Claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such Claims or contracts or leases or to setoff against such Claims.

12. **Causes of Action**.  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

13. **Intercompany Accounts:**

In the ordinary course of business, the Debtors engage in routine business relationships with each other (the "Intercompany Transactions") resulting in intercompany receivables and payables (the "Intercompany Claims"), which are described more fully in the Debtors' "first-day" cash management motion [*see* Docket No. 5], and which also include amounts allocated from the purchase price of acquired assets.  The following table summarizes the intercompany balances at June 30, 2015:

| Debtor | Counterparty | | | | | | |
|---|---|---|---|---|---|---|---|
| Receivable/(Payable) Balances | Milagro Holdings, LLC | Milagro Oil & Gas, Inc. | Milagro Exploration, LLC | Milagro Producing, LLC | Milagro Mid-Continent, LLC | Milagro Resources, LLC | Total |
| Milagro Holdings, LLC | | | 2,446 | | | | 2,446 |
| Milagro Oil & Gas, Inc. | | | (215,994) | (439,233) | | | (655,227) |
| Milagro Exploration, LLC | (2,446) | 215,994 | | (14,053) | (1) | (8,839) | 190,655 |
| Milagro Producing, LLC | | 439,233 | 14,053 | | (3) | (217) | 453,066 |
| Milagro Mid-Continent, LLC | | | 1 | 3 | | | 4 |
| Milagro Resources, LLC | | | 8,839 | 217 | | | 9,056 |
| | (2,446) | 655,227 | (190,655) | (453,066) | (4) | (9,056) | - |

14. **Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

    a.    **Undetermined Amounts**.  The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

b.    <u>Totals</u>.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

c.    <u>Liens</u>.  The value of assets listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

15. **Currency**.  All amounts are reflected in U.S. dollars.

16. **Setoffs**.  The Debtors incur certain offsets and other similar rights during the ordinary course of business.  Offsets in the ordinary course most frequently result from the deduction of lease operating expenses and joint interest billings from oil and gas revenue, but can also result from various other items, including, without limitation, pricing discrepancies, returns, refunds, warranties, debit memos, credits, and other disputes between the Debtors and their suppliers, joint operating agreement counterparties and/or customers.  These offsets and other similar rights are consistent with the Debtors' ordinary course of business.  Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets may not have been independently accounted for, and as such, offsets occurring in the ordinary course of business are excluded from the Debtors' Schedules and Statements.

17. **Employee Addresses**.  Employee addresses have been removed from entries listed on Schedules E, F and G and the Statements, as applicable, and are listed care of the Debtors' headquarters address.  These addresses are available upon request of the Office of the United States Trustee or order of the Bankruptcy Court.

18. **Global Notes Control**.  If the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

**Specific Disclosures with Respect to the Debtors' Schedules**

**Schedule A.**  The Debtors record as real property all costs of acquisition, exploration, exploitation, and development of oil, NGL and natural gas reserves (including such costs as leasehold acquisition costs, geological expenditures, dry hole costs, tangible and intangible exploration and development costs, which may include personal property that remains in the possession of the Debtors, and direct internal costs) and the cost to acquire, explore for and develop oil, NGL and natural gas properties. The Debtors ownership of any real property is reported on Schedule A for Milagro Producing, LLC and Milagro Resources, LLC, the record holder of the underlying oil and gas leases.

**Schedule B**.  Certain derivatives contracts and the security deposit for the Debtors' corporate headquarters lease listed on the Debtors' books and records as of June 30, 2015 were disposed of after such date.  The proceeds of the derivatives contract were paid over to the Debtors' first lien secured lenders and the security deposit was relinquished in connection with an amendment to the

Debtors' corporate headquarters lease. These assets have been excluded from the Schedules, and the applicable transfers are reflected on SOFA 3b.

**Schedule B2**. Cash values held in financial accounts are listed on Schedule B2 as of June 30 or July 15, 2015 as noted Schedule B2.

**Schedule B9**. The Debtors maintain certain insurance policies, as described in their "first-day" insurance motion [*see* Docket No. 7]. The Debtors have identified the pre-paid premium amounts for such insurance programs on Schedule B18 for Milagro Producing, LLC.

**Schedule B13**. The value of ownership interests in subsidiaries have been listed in Schedule B13 as unknown. The Debtors' current chapter 11 plan ascribes no equity value to the various subsidiary-Debtors.

**Schedule B16**. Intercompany Claims owing to a Debtor by another Debtor are listed on Schedule B16 in an unknown amount as the Debtors cannot predict what, if any, recovery will be received on such amounts. The Debtors' current chapter 11 plan currently provides for no distribution on account of Intercompany Claims.

**Schedules B18 and B21**. The Debtors' failure to list any contingent and/or unliquidated Claim or Cause of Action held by the Debtors in response to this question shall not constitute a waiver, release, relinquishment, or forfeiture of such Claim or cause of action.

**Schedule B21**. In the ordinary course of their business, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-Claims, setoffs, refunds, or potential warranty Claims against their suppliers. Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, Claims as a plaintiff or counter-Claims as a defendant. Where such Claims are either unknown to the Debtors, not quantifiable, or both, they are not listed on Schedule B21.

**Schedule D**. The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included. All Claims listed on Schedule D, however, appear to have been incurred before the Petition Date.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Further, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any Claims associated with such agreements should be reported on Schedule D. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the Claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract.

The Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights, mechanics liens or other lien rights.

**Schedule E**.  The listing of any Claim on Schedule E does not constitute an admission by the Debtors that such Claim is entitled to priority treatment under 11 U.S.C. § 507.  The Debtors reserve their right to dispute the priority status of any Claim on any basis.

As the operator for the Debtors' oil and gas leases, the Debtors have listed all potential tax claims arising out of business operations on the Schedules of Milagro Exploration, LLC despite the fact that such amounts may ultimately be determined to be the obligation (or co-obligation) of one or more other Debtors.

**Schedule F**.  The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule F, based upon the Debtors' books and records as of the Petition Date.

Although reasonable efforts have been made to identify the date of incurrence of each Claim, determining the date upon which each Claim on Schedule F was incurred or arose would be unduly burdensome and cost prohibitive.  Claims listed on Schedule F have been aggregated by unique creditor name and remit to address and may include several dates of incurrence for the aggregate balance listed.

In the ordinary course of business, the Debtors incur obligations for royalties and severance taxes which they are required to pay to third-parties that hold an interest in the oil and gas leases that the Debtors hold and for which the Debtors serve as operator.  The Debtors determine and pay the requisite royalty and tax amounts during an approximately 50-day cycle after each month-end.  As a result, the Debtors are unable to determine with specificity the amount owing for royalties and severance taxes for the month of June and the stub-period of July. Under the Debtors' "first-day" royalty owner and lease operating expense motion and related order [*see* Docket Nos. 10 & 41], the Debtors obtained authority to continue to honor these amounts in the ordinary course.  The Debtors believe that all such amounts that are not in dispute have been or will be paid in the ordinary course, except for amounts which have or will be placed into "suspense" status because the Debtors are unable to identify the appropriate payee.  While the Debtors have not specifically identified any royalty holders on Schedule F, the Debtors have included all parties that have received royalty payments in the prior four-year period in their creditor matrix and such parties will receive notice of any bar date established in these cases.

Schedule F contains information regarding pending litigation involving the Debtors. The dollar amount of potential Claims associated with any such pending litigation is listed as "Unknown" and marked as contingent, unliquidated, and disputed in the Schedules and Statements.

Any information contained in Schedule F with respect to potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any of the potential suits and proceedings included therein.

The Debtors expressly incorporate by reference into Schedule F all parties to pending litigation listed in Statement 4(a) as contingent, unliquidated, and disputed claims, to the extent not already listed on Schedule F.

Schedule F reflects prepetition amounts owing and not subsequently paid post-petition to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption of executory contracts or unexpired leases. Additionally, Schedule F does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Schedule G**.  Although reasonable efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors may have occurred.  Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtors' reasonable efforts.  With respect to scheduled operating agreements, the Debtors have relied on their financial systems for the current working interest owners associated with all Operating Agreements.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease that was in effect on the Petition Date or is valid or enforceable.  The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth on Schedule G and to amend or supplement Schedule G as necessary.  Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth separately on Schedule G.  Certain confidentiality and non-disclosure agreements may not be listed on Schedule G.  The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry.  In some cases, the same supplier or provider appears multiple times on Schedule G.  This multiple listing may reflect distinct agreements between the applicable Debtor and such supplier or provider, or may reflect a series of related agreements.

It is possible that a single Operating Agreement may cover properties spanning multiple fields as recorded on the Debtor's internal systems.  Therefore, in some cases, a single operating agreement may be listed multiple times based on the number of fields covered by such agreement. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.  Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

The Debtors' predecessors were party to numerous farm-out and participation agreements which have either earned out or are no longer active. Therefore, the Debtors do not consider these agreements executory contracts and have not included them on Schedule G. However, out of an abundance of caution, the Debtors did include such agreements on Schedule 5.5 (a) of the Contribution Agreement, dated July 15, 2015 by and among certain of the Debtors and White Oak Resources VI, LLC.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as subordination, nondisturbance, and attornment agreements, supplemental agreements, settlement agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. Further, the Debtors reserve all of their rights to alter or amend these Schedules to the extent that additional information regarding the Debtor obligor to such executory contracts becomes available. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on Schedule G.

The Debtors reserve all of their rights, Claims and causes of action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's Claim or its relationship with the Debtors.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. Schedule G may be amended at any time to add any omitted contract, agreement or lease.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract or that such contract is an executory contract or unexpired lease. The Debtors reserve all of their rights to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

**Schedule H**. For purposes of Schedule H, the Debtors that are guarantors under the prepetition debt facilities are listed as co-debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation or Claims. These matters may involve multiple plaintiffs, claimants and defendants, some or all of whom may assert cross-Claims and counter-Claims against other parties, and some of which may be co-obligors with, contributors to or Indemnitors of the Debtors. Because all such Claims are contingent, disputed, or unliquidated, such Claims have not been set forth individually on Schedule H. Litigation matters can be found on each Debtor's Schedule F and Statement 4a, as applicable.

**Specific Disclosures with Respect to the Debtors' Statements**

**Statement 3b**.  Except as noted below,[2] all of the disbursements reflected on Schedule 3b were made from the bank accounts of Milagro Exploration, LLC (the only Debtor that maintains bank accounts).  Many of those disbursements were for the benefit of other Debtors, primarily Milagro Producing, LLC and Milagro Resources, LLC, and appropriate Intercompany Transactions have been recorded in the Debtors' books and records.

**Statement 3c**.  All of the disbursements reflected on Schedule 3c were made by Milagro Exploration, LLC (the only Debtor that maintains bank accounts).  Many of those disbursements were for the benefit of other Debtors, primarily Milagro Producing, LLC and Milagro Resources, LLC.  In addition, the Debtors have identified the aggregate amounts paid on account of employees that may be considered insiders, but these amounts were paid to Insperity, the Debtors' third-party co-employer, who then made the applicable transfer to the employees.

**Statement 17b.**  The Debtors' operate in an industry with many potential environmental issues and are subject to strict laws and regulations. The Debtors' have made reasonable efforts to disclose all applicable information in response to Statements Question 17b.

**Statement 19b**.  Milagro Holdings, LLC is the parent to Milagro Oil and Gas, Inc. and is not consolidated for purposes of the financial statements. Milagro Holdings, LLC does not and is not required to file a stand-alone audit report.

**Statement 19d**.  The Debtors have provided financial statements in the ordinary course of their business to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date.  The Debtors may have also provided financial statements to parties who entered into confidentiality and non-disclosure agreements with the Debtors.  Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have made reasonable efforts to list all such parties.  However, the Debtors reserve all of their rights with respect to all such issues.

**Statement 23**.  The distributions to the insiders reflected on the Statements of Milagro Holdings, LLC are for various tax related expenses paid on their behalf by the Debtors. The Debtors' do not expect to be repaid for these expenses therefore they are classified as non-cash distributions to these members.

---

[2]    On July 10, 2015, the proceeds from the termination of derivatives contracts were paid over to the Debtors' first lien secured lenders directly by the Debtors' derivative counterparty.

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## District of Delaware

In re  **Milagro Resources, LLC**                    Case No.  **15-11525**

Debtor(s)                    Chapter    **11**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$2,272,500.00** | **2015 YTD: Business Income** |
| **$8,978,800.00** | **2014: Business Income** |
| **$10,800,000.00** | **2013: Business Income** |

---

**2. Income other than from employment or operation of business**

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                    SOURCE

B7 (Official Form 7) (04/13)
2

### 3. Payments to creditors

None ■

*Complete a. or b., as appropriate, and c.*

    a.   *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ■

    b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ■

    c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ■

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None ■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B7 (Official Form 7) (04/13)
3

**5. Repossessions, foreclosures and returns**

None ■ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**6. Assignments and receiverships**

None ■ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None ■ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

**7. Gifts**

None ■ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

**8. Losses**

None ■ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

**9. Payments related to debt counseling or bankruptcy**

None ■ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

B7 (Official Form 7) (04/13)
4

**10. Other transfers**

None ■   a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ■   b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None ■   List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None ■   List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None ■   List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None ■   List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

B7 (Official Form 7) (04/13)
5

---

**15. Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                              NAME USED                              DATES OF OCCUPANCY

---

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

B7 (Official Form 7) (04/13)
6

**18 . Nature, location and name of business**

None
■

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
☐

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **See SOFA 19a Attachment** | |

None
☐

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| **DELOITTE & TOUCHE, LLP** | **P.O. BOX 7247-6446**<br>**Philadelphia, PA 19170-6446** | **08/01/2008 to 11/15/2013** |
| **WEAVER AND TIDWELL, LLP** | **24 GREENWAY PLAZA**<br>**SUITE 1800**<br>**Houston, TX 77046** | **12/01/2013 to 05/31/2015** |

None
☐

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

B7 (Official Form 7) (04/13)
7

| NAME | ADDRESS |
|------|---------|
| **ARMSTRONG, LLOYD WAYNE** | **1301 McKinney St.**<br>**Suite 500**<br>**Houston, TX 77010** |

None ☐     d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS            DATE ISSUED
**See Global Notes**

---

### 20. Inventories

None ■     a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY        INVENTORY SUPERVISOR        DOLLAR AMOUNT OF INVENTORY
(Specify cost, market or other basis)

None ■     b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

DATE OF INVENTORY        NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY
RECORDS

---

### 21 . Current Partners, Officers, Directors and Shareholders

None ■     a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS        NATURE OF INTEREST        PERCENTAGE OF INTEREST

None ☐     b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE<br>OF STOCK OWNERSHIP |
|------------------|-------|---------------------------------------------|
| **Gary Mabie**<br>**1301 McKinney Street**<br>**Suite 500**<br>**Houston, TX 77010** | **President and Chief Operating Officer** | |
| **Marshall Munsell**<br>**1301 McKinney Street**<br>**Suite 500**<br>**Houston, TX 77010** | **Executive Vice President -**<br>**Business Development and**<br>**Land** | |
| **Lloyd Armstrong**<br>**1301 McKinney Street**<br>**Suite 500**<br>**Houston, TX 77010** | **Vice President - Production Logistics** | |
| **Milagro Producing, LLC**<br>**1301 McKinney St.**<br>**Suite 500**<br>**Houston, TX 77010** | | **Member / Manager - 100%** |

B7 (Official Form 7) (04/13)
8

**22 . Former partners, officers, directors and shareholders**

None
■

a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME                          ADDRESS                          DATE OF WITHDRAWAL

None
■

b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS                  TITLE                  DATE OF TERMINATION

**23 . Withdrawals from a partnership or distributions by a corporation**

None
■

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

NAME & ADDRESS
OF RECIPIENT,                     DATE AND PURPOSE                  AMOUNT OF MONEY
RELATIONSHIP TO DEBTOR            OF WITHDRAWAL                     OR DESCRIPTION AND
                                                                   VALUE OF PROPERTY

**24. Tax Consolidation Group.**

None
☐

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                       TAXPAYER IDENTIFICATION NUMBER (EIN)
**Milagro Oil & Gas, Inc.**                      **26-1307173**

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                             TAXPAYER IDENTIFICATION NUMBER (EIN)

* * * * * *

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  **August 14, 2015**                          Signature

Gary J. Mabie
President & COO

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

In re Milagro Resources, LLC

Case No. 15-11525

SOFA 19a- Books, records and financial statements:  bookkeepers and accountants used within 2 years of commencement of this case

| Name | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Dates Services Rendered | Title |
|------|----------|----------|----------|----------|------|-------|-----|-------------------------|-------|
| ARMSTRONG, LLOYD WAYNE | 1301 McKinney St. | Suite 500 | | | Houston | TX | 77010 | 01/01/2008 - PRESENT | VICE PRESIDENT |
| HANSON, JENNIFER C | 1301 McKinney St. | Suite 500 | | | Houston | TX | 77010 | 7/26/2010 - PRESENT | TAX ACCOUNTANT |
| LAROCQUE, ROBERT D | 1301 McKinney St. | Suite 500 | | | Houston | TX | 77010 | 10/1/2010 - 4/30/2014 | CFO |
| STANFORD, LAURA A | 1301 McKinney St. | Suite 500 | | | Houston | TX | 77010 | 12/10/2007 - 06/19/2015 | CONTROLLER |
| TREVINO, JORGE L | 1301 McKinney St. | Suite 500 | | | Houston | TX | 77010 | 10/1/2011 - 06/19/15 | DIRECTOR TREASURY/FINANCE |
| VIGO, CLAUDIA O | 1301 McKinney St. | Suite 500 | | | Houston | TX | 77010 | 1/1/2008 - PRESENT | ACCOUNTING MANAGER |